UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Maurio Daetrel Rivers, #232669, *a/k/a Maurio Rivers*, <br><br>                    Plaintiff, <br><br> vs. <br><br> Bryan P. Stirling, *SCDC Director*; Arenda Thomas, *LCI Associate Warden*; Lt. Vernon Adams, *SCDC/CERT Officer,* <br><br>                    Defendants. | ) C/A No.  4:25-13951-BHH-TER <br> ) <br> ) <br> ) <br> )     Report and Recommendation <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

Plaintiff is a state prisoner, proceeding *pro se* and *in forma pauperis*.  Pursuant to 28 U.S.C. 636(b)(1) and District of South Carolina Local Civil Rule 73.02(B)(2)(e), the undersigned is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court.  *See* 28 U.S.C. §§ 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

## STANDARD OF REVIEW

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* complaint filed in this case.  This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § 1915 and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

Plaintiff's Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit.  To protect against possible abuses of this privilege, the statute allows

a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989).

This court is required to liberally construe *pro se* complaints. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Id.*; *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Even under this less stringent standard, however, the *pro se* complaint may be subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which plaintiff could prevail, it should do so, but a district court may not rewrite a complaint to include claims that were never presented, construct the plaintiff's legal arguments for him, or conjure up questions never squarely presented to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993); *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir.1990) (The "special judicial solicitude" with which a [court] should view such pro se complaints does not transform the court into an advocate.).

## **DISCUSSION**

Plaintiff's action is subject to partial summary dismissal. Plaintiff's typed Complaint was not

sent from the prison but from a Charlotte, NC retail USPS location, but Plaintiff signed the Complaint.

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (internal quotation and citation omitted). A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey*, Ltd., 526 U.S. 687, 707 (1999). Under § 1983, a plaintiff must establish two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation "was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff alleges his First, Eighth, and Fourteenth Amendment rights were violated, as well as RLUIPA. (ECF No. 1 at 1).

Plaintiff alleges generally that Defendant Stirling was the director over all of SCDC and was legally responsible at the time that Plaintiff allegedly experienced the "excessive force haircut incident." (ECF No. 1 at 2). This is the extent of the allegations as to Defendant Stirling. Plaintiff has failed to state a claim upon which relief can be granted as to Defendant Stirling, as Plaintiff's allegations do not support personal involvement or meeting of the supervisory liability exception. *See King v. Rubenstein*, 825 F.3d 206, 224 (4th Cir. 2016) (listing factors for supervisory liability under § 1983); *see also Younger v. Crowder*, 79 F.4th 373, 381 n.12 (4th Cir. 2023) ("[I]n a § 1983 suit[,] each Government official, his or her title notwithstanding, is only liable for his or her own misconduct.").

Plaintiff alleges Defendant Thomas was present at the alleged "excessive force haircut

3

incident" on August 10, 2023, and personally saw the violations occur and did not intervene. (ECF No. 1 at 2). Plaintiff alleges Defendant Adams "himself used excessive force during the aforementioned forced haircut." (ECF No. 1 at 2). Plaintiff alleges Adams picked Plaintiff up while handcuffed in the back and carried Plaintiff to the barbershop, where Plaintiff alleges he was slammed, choked, and legs held. (ECF No. 1 at 6). Plaintiff alleges his hair is essential to his religious faith of "Nazerite(12 Tribes of Ysrael)." (ECF No. 1 at 5). Liberally construed, Plaintiff's allegations as to Defendants Thomas and Adams surpass summary dismissal and this same day service of process has been authorized by separate order on Defendants Thomas and Adams.

As to other individual claims regarding denial of recognition of Plaintiff's religion generally and as to religious diet(ECF No. 1 at 5) over fourteen years, Plaintiff's allegations are general as to "Defendants" or "SCDC staff" with no personal involvement allegations or causal connection to named Defendants Stirling, Thomas, or Adams. In order to assert a plausible § 1983 claim against any particular state actor, a "causal connection" must exist between the conduct alleged by the plaintiff and the particular defendant named in the suit. *See Kentucky v. Graham*, 473 U.S.159, 166 (1985); *Rizzo v. Good*, 423 U.S. 362, 371-72 (1976) (a § 1983 plaintiff must show that he suffered a specific injury resulting from a specific defendant's specific conduct and must show an affirmative link between the injury and that conduct); *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir.1977) (for an individual to be liable under § 1983, the Plaintiff must show that the defendant named acted personally in the deprivation of the plaintiff's rights). Plaintiff here must demonstrate that the official personally caused or played a role in causing the deprivation of a federal right. *See Graham*, 473 U.S. at 166 and *Harris v. City of Va. Beach*, 11 Fed. App'x 212, 215 (4th Cir.2001) (affirming dismissal of the plaintiff's claim against five defendants when the plaintiff did not allege any of the

defendants were personally involved in the alleged deprivation of his civil rights). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Id.* Defendants will not know how to respond to conclusory allegations, especially when "the pleadings mentioned no specific time, place, or person involved." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 565 n. 10. (2007). Complaints should contain facts in regard to who did what to whom and when. *Id.* Plaintiff has failed to state a claim upon which relief can be granted as to these claims.

This action was reopened after receiving a Motion for Temporary Injunction, regarding the incoming and the outgoing of mail, unrelated to the merits of this action. (ECF No. 16). Plaintiff's typed Motion was mailed from Atlanta certified, insured, with $21.65 postage. Plaintiff filed a nearly identical motion again on March 2, 2026. (ECF No. 24). Plaintiff's requests for a preliminary injunction or TRO fail because the claims in his Motions are unrelated to the allegations of his Complaint. *See Rice v. Dotson,* 2025 WL 2969101, at *2 (W.D. Va. Oct. 20, 2025)(noting that "a motion for a preliminary injunction must be related to the underlying complaint; it is not an appropriate vehicle for asserting new claims"); *see also Omega World Travel Inc. v. TWA*, 111 F.3d 14, 16 (4th Cir. 1997) (holding that "a preliminary injunction may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action"). Regardless of the allegations in the Motions, Plaintiff has complied with deadlines after the Motion was filed and the court also has given extended deadlines. (ECF Nos. 19, 21). It is recommended the Motions be denied. (ECF Nos. 16, 24).

**RECOMMENDATION**

Accordingly, it is recommended that the district court partially dismiss the Complaint in this case. Specifically, it is recommended that Defendant Stirling be summarily dismissed without prejudice and without issuance and service of process.  In a separately docketed order, the court has authorized the issuance and service of process as to Defendant Adams and Thomas, only as to the claims involving the alleged excessive force haircut incident. It is recommended the remaining claims be dismissed without prejudice. It is recommended the Motions for Temporary Injunction be denied.  (ECF Nos. 16, 24).

<table>
<tr><td></td><td>s/Thomas E. Rogers, III</td></tr>
<tr><td>March 2, 2026</td><td>Thomas E. Rogers, III</td></tr>
<tr><td>Florence, South Carolina</td><td>United States Magistrate Judge</td></tr>
</table>

**Plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).